WILFORD HALL LABORATORIES, Appellant, *v.* LEONARD B. · SHOENFELD & COMPANY, Respondent.

First Department, April 5, 1918.

**Pleading — action for goods sold and delivered — answer — allegations not showing fraudulent representations by plaintiff — goods purchased for resale in foreign country — allegations not establishing breach of warranty.**

Where the defendant in an action for goods sold and delivered admits in its answer the sale and delivery of the goods to it and its agreement to pay the plaintiff the purchase price, it cannot base a defense and counterclaim for damages for fraudulent representations made .in connection with the sale of the goods, which were articles for medicinal and surgical purposes, on allegations to the effect that the plaintiff was to select and pack the goods so as to be suitable for sale in certain foreign republics, that the law of said republics required such articles to be registered with the department of hygiene and permission granted by designated authorities before the articles can be offered for sale, that the formula of the medicines must be set forth in the application for registry, etc., and that unless the articles are registered the sale is prohibited, of which facts the plaintiff was aware, but did not comply with said laws so that the defendant was unable to sell the goods. This because, *first,* the alleged representations were purely promissory and form no basis for a claim of fraud, and *second,* because there is nothing to show that the goods were not suitable for sale in said foreign countries. The plaintiff's demurrer to said defense and counterclaim should be sustained.

*It seems,* that a different situation would be presented if the plaintiff in order to induce the sale represented that the goods were in fact registered.

Additional allegations in the answer to the effect that the goods were not labeled in accordance with the metric measures required in the foreign countries and were improperly packed and labeled *do not establish* the defense of fraud.

The aforesaid allegations, excepting those relating to metric measurements and improper packing, when realleged with a statement that the defendant made known to the plaintiff the fact that the goods were to be sold in a foreign country and that the plaintiff undertook and warranted to sell and deliver a line of goods for the specific purpose of resale there and that the goods were not reasonably fit for said purpose in that the sale was prohibited unless they were properly registered, do not set out a breach of warranty by the plaintiff and the plaintiff's demurrer thereto should be sustained.

PAGE, J., dissented.

APPEAL by the plaintiff, Wilford Hall Laboratories, from an interlocutory judgment of the Supreme Court in favor of the

defendant, entered in the office of the clerk of the county of New York on the 1st day of December, 1917, overruling its. demurrers to the defenses and counterclaims set up in the answer.

*Allen S. Wrenn* of counsel [*Willard P. Jessup,* attorney], for the appellant.

*Milton J. Bach* of counsel [*Riegelman & Bach,* attorneys], for the respondent.

SHEARN, J.:

Appeal by plaintiff from an interlocutory judgment overruling plaintiff's demurrer to two separate defenses (also pleaded as counterclaims) in an action for goods sold and delivered. The complaint alleges, and the answer admits, that the plaintiff sold and delivered to the defendant " goods, wares and merchandise consisting of medicinal and surgical plasters, surgical dressings and other goods manufactured and sold by the plaintiff, for which the defendant promised and agreed to pay to the plaintiff the sum of $3575.88." Thus this was. the admitted contract between the parties.

The first defense and counterclaim attempts to allege a cause of action for damages for fraudulent representations made in connection with the sale of these goods. The sole representation alleged is that the plaintiff " would select such merchandise, and so pack the same for shipment, as to be suitable for sale in the Republics aforesaid " (being the Republics of Argentine and Uruguay). The defendant claims and alleges in substance that by the laws of Argentine and Uruguay it is provided that patent and proprietary drugs, surgical and medicated plasters, dressings, soaps and other proprietary articles, such as weresold by the plaintiff, must be registered with the department of hygiene and permission granted by the designated authorities before the articles can be offered for sale; that the application for registry must set forth a formula for the manufacture and of the ingredients contained in such patent and proprietary drugs, plasters, etc., together with the name and qualifications of the supervising chemist or pharmacist; that with the application, five samples of the articles to be sold, together with a set of labels

to be applied to or affixed on the package thereof, must be submitted, and the filing and registration fees paid; and that unless the articles aforesaid are registered, the sale is prohibited; that the plaintiff was aware of these requirements and the defendant was not; that the plaintiff did not comply with these laws and consequently defendant was unable to sell the goods.

In the first place, it will be observed that the alleged representation is purely promissory and forms no basis for a claim of fraud, especially in view of the defendant's admission that the contract pleaded in the complaint is the one made and that there is no claim that it was not the entire contract. In the second place, assuming the representation to be actionable, the gist of it is that the goods to be sold would be suitable for sale in the two republics. There is nothing to show that the goods were not suitable for sale. So far as appears, the goods were all right and entirely suitable for sale, and the only reason why they could not be sold was that they had not been registered. The plaintiff did not agree to register them, and, moreover, this cause of action is not for a breach of an agreement to register them but is for fraud. An entirely different situation would be presented if the answer alleged that the plaintiff, in order to induce the sale, represented that these goods were in fact registered.

In paragraphs 10 and 11 of the first defense it is also alleged that the goods were not labeled in accordance with the metric measures and were improperly packed and labeled. These allegations of breach of contract add nothing to the defense of fraud.

The second defense and counterclaim repeat the allegations of the alleged defense of fraudulent misrepresentation except as to paragraphs 10 and 11 which relate to the metric measurements and improper packing, and by it defendant attempts to set up a breach of warranty. It alleges that the defendant made known to the plaintiff that the goods were to be used for resale in Argentine and Uruguay and that the plaintiff undertook and warranted to sell and deliver to the defendant a line of goods for the specific purpose of resale there, and that the goods were not reasonably fit for the purpose for which they were bought " in that the sale thereof was

prohibited unless registration of each article was made in accordance with the laws of the two Republics aforesaid." Here, again, it may be noted that there is nothing to show that the goods were not " reasonably fit " for the purpose for which they were bought. The only trouble was that the sale was prohibited unless the articles were registered. Again it may be said that if the warranty alleged was that the goods had been registered, a different situation would be presented. Further, if the defendant had included in its breach of warranty defense the allegations in paragraphs 10 and 11 with respect to metric measurements and the defective packing, a defense or partial defense might have been spelled out, but these allegations are omitted from the defense where they belong and incorporated in the alleged defense of fraud where they have no pertinency.

For these reasons the interlocutory judgment is reversed, with costs, and the demurrer sustained, with costs, with leave to the defendant to plead over on payment of costs.

CLARKE, P. J., SMITH and DAVIS, JJ., concurred; PAGE, J., dissented.

Judgment reversed, with costs, and demurrer sustained, with costs, with leave to defendant to amend on payment of costs.